**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

ARTIS GIPSON,

                Petitioner - Appellant,

    v.

CHARLES RYAN and STATE OF
ARIZONA ATTORNEY GENERAL,

          Respondents - Appellees.

No. 10-15792

D.C. No. 2:09-cv-00389-SRB

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Arizona
Susan R. Bolton, District Judge, Presiding

Argued and Submitted February 13, 2012
San Francisco, California

Before: TASHIMA and SILVERMAN, Circuit Judges, and GARBIS, Senior
District Judge.[**]

    Artis Gipson appeals the district court's dismissal of his 28 U.S.C. § 2254

petition as untimely under the Antiterrorism and Effective Death Penalty Act of

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

    [**]    The Honorable Marvin J. Garbis, Senior United States District Judge
for the District of Maryland, sitting by designation.

1996. Reviewing de novo, *see Mendoza v. Carey*, 449 F.3d 1065, 1068 (9th Cir. 2006), we affirm.

The parties agree that AEDPA's one-year statute of limitations began to run on July 13, 2006, when Gipson's 90-day window for petitioning the U.S. Supreme Court for certiorari expired. *See* 28 U.S.C. § 2244(d)(1). Gipson is correct that he is entitled to statutory tolling while he pursued timely state post-conviction relief — that is, from when Gipson's conviction became final on July 13, 2006 until October 25, 2007, when the time for Gipson to file a petition for review for post-conviction relief (after receiving one extension of time) expired. *See id.* § 2244(d)(2). Gipson filed his federal habeas petition one year and 122 days later, on February 23, 2009.

Gipson argues that he is entitled to equitable tolling of that one year and 122 days based on (1) the state trial court's inexplicable decision to forward Gipson's pro se transcript request to his appointed counsel, with whom Gipson allegedly could not communicate, and (2) the state trial court's miscalculation of his filing deadline and concomitant denial of his second request for an extension of time to file a petition for review for post-conviction relief.

A petitioner is entitled to equitable tolling only when he shows "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary

circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 130 S. Ct. 2549, 2562 (2010) (citation omitted).

Here, even if Gipson had pursued his rights diligently, the state trial court's errors did not prevent him from filing a timely federal habeas petition. First, with respect to the miscommunication about Gipson's transcript request, Gipson has failed to identify anything in the transcript that was necessary for him to be able to file his federal habeas petition. Furthermore, Gipson received the transcript on October 3, 2008, more than three weeks before AEDPA's limitations period ran, but has failed to show that it was impossible for him to file his petition within those three weeks. And second, with respect to the denial of the extension of time as a result of the miscalculated filing deadline, even after Gipson exhausted his state appeals of that denial, he still had five months left on AEDPA's limitations period to timely file his petition. Alternatively, as the Supreme Court has noted, Gipson could have filed a "protective" petition with the district court and asked it to "stay and abey the federal habeas proceedings until state remedies are exhausted." *Pace v. DiGuglielmo*, 544 U.S. 408, 416 (2005). Accordingly, Gipson has not met his burden to show that extraordinary circumstances made it impossible for him to file a timely habeas petition.

Thus, because Gipson filed his § 2254 petition 122 days after AEDPA's one-year limitations period expired, and because he is not entitled to equitable tolling, we affirm the district court's dismissal of his petition as untimely.  We therefore need not address Gipson's argument that the state court's denial of his motion for a second extension of time amounted to an inadequate state procedural bar.

**AFFIRMED**.